CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

MAR 0 8 2007

JOHN F CORCORAN, CLERK
BY:    K Dotson
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE No. 5:06cr00046-4 |
| | ) | |
| v. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| ANAROSA BECERRA, | ) | |
| | ) | By:   Hon. James G. Welsh |
| Defendant | ) | U.S. Magistrate Judge |
| | ) | |

The Grand Jury previously returned a multi-count Superseding Indictment charging this defendant in Count One with the knowing participation in a criminal conspiracy to distribute and possess with the intent to distribute more than fifty (50) grams of a substance containing a detectable amount of cocaine base ("crack cocaine") and more than fifty (50) grams of methamphetamine, both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 846, AND IN Count Fifteen with knowingly and intentionally distributing, or possessing with intent to distribute, or in aiding and abetting the possession or distribution, more than fifty (50) grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, on or about September 15, 2006 in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B, and Title 128, United States Code, Section 2.

The defendant was previously arraigned and entered pleas of Not Guilty to each of these charges. The defendant having now indicated an intent to change her plea, this case was referred to the undersigned for the purpose of conducting a plea hearing in accordance with the provisions of Title 28 U.S.C. § 636(b)(3).

The plea hearing was conducted before the undersigned on March 6, 2007. The defendant was present in person and with her counsel, Gary L. Smith. The United States was represented by Donald R. Wolthuis, Assistant United States Attorney. The proceedings were recorded by a court reporter. *See* Rule 11(g).

With the defendant's informed and written consent, the undersigned made a Rule 11 inquiry; the Government presented evidence for the purpose of establishing an independent basis for the plea, and the defendant entered a plea of guilty to Count Fifteen of the Indictment..

## A.    DEFENDANT'S RESPONSES TO RULE 11 INQUIRY

The defendant was placed under oath and addressed personally in open court. She expressly acknowledged that she was obligated to testify truthfully in all respects under penalty of perjury and that she understood the Government's right, in a prosecution for perjury or false statement, to use against her any statement that she gives under oath. *See* Rule 11(b)(1)(A).

The defendant testified that her full legal name is Anarosa Becerra. She stated that she is nineteen (19) years of age, that she completed the 9th grade in school, and that can read, write and understand English without difficulty. She denied having any medical condition, either physical or mental, which might interfere with her ability to understand and participate fully in the proceedings, and she similarly denied using any medication or drugs which might impair her ability to understand and participate fully in the proceedings.

2

The defendant testified that she had discussed the charges with her attorney, that she had previously received a copy of the Indictment against her, that she understood each of the charges, and that she knew each of the charges was a felony. *See* Rule 11(b)(1)(G). She testified that she had been given adequate time to prepare any defenses she might have to the charges contained in the Indictment, that she was fully satisfied with the services of her attorney, and that it was her intention and desire to change her prior plea and to enter a plea of guilty to one of the charges pending against her.

The attorney for the government informed the court that the defendant's proposed change in her prior plea to one of the charges against her was to be made pursuant to a written plea agreement, and the government's understanding of the plea agreement was then stated in some detail, including the agreement's restatement of the charges against the defendant [¶ 1], the defendant's agreement to plead guilty to Count Fifteen of the Indictment and the range of punishment which may be imposed by the court for said felony offense [¶ 2], the government's agreement to dismiss Count One at sentencing [¶ 3], the terms of the defendant's agreed drug weight responsibility pursuant to the applicable sentencing guideline provisions [¶ 4], the defendant's waiver of any right to a jury determination of guideline-related issues [(¶¶ 4 and 11], the provision concerning the defendant's offense role [¶ 5], the acceptance of responsibility provision [¶ 6], the government's agreement not to object to the defendant being given benefit of the "safety valve" sentencing provision if she meets the guideline criteria at sentencing [¶ 7], the defendant's obligation to pay a One Hundred Dollar ($100.00) special assessment [¶ 8] (*See* Rule 11(b)(1)(L)), the evidence proffer provision [¶ 9], the defendant's waiver of the right to appeal any sentencing-related issues [¶ 11] (*See* Rule 11(b)(1)(N)), the defendant's waiver of any right to attack either her sentence or conviction in any post-conviction

proceeding [¶ 12] (*See* Rule 11(b)(1)(N)), the defendant's waiver of any statute of limitations claim [¶ 15], the defendant's information access waiver [¶ 13], the terms of the agreement's substantial assistance provision [¶ 17], the agreement's forfeiture provisions [¶¶ 14 and 18] (*See* Rule 11(b)(1)(J), and the substance of the agreement's other terms [¶¶ 10, 19-22].

After which, the defendant's attorney and the defendant separately confirmed their understanding of the plea agreement to be the same as that set forth by the government's attorney.

Upon further inquiry, the defendant testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce her to enter a plea of guilty in this case and that no one had attempted in any way to force her to plead guilty. She stated that she knew that her plea, if accepted, would result in her being adjudged guilty of the offenses for which she was proposing to plead guilty and that such adjudication may deprive her of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

She expressly acknowledged that she was proposing to enter a plea of guilty to Count Fifteen of the Indictment which charged her with the knowing and willful distribution, or possession with intent to distribute, or aiding and abetting the distribution or possession with intent to distribute, more than fifty (50) grams of methamphetamine in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B). *See* Rule 11(b)(1)(G).

After the attorney for the government stated for the record the mandatory minimum penalty provided by law for the offense charged in Count Fifteen of the Indictment, the defendant acknowledged unequivocally that she understood five (5) years imprisonment [1] to be the mandatory minimum penalty which the court would be required to impose for conviction of the offense charged in Count Fifteen of the Indictment. *See* Rule 11(b)(1)(I). Based on the attorney for the government's further statement concerning the maximum possible penalty provided by law for the offense charged Count Fifteen of the Indictment, the defendant expressly acknowledged that she understood forty (40 years imprisonment and a $2,000,000.00 fine to be the maximum penalty provided by law for conviction of the felony set forth in Count Fifteen, and if sentenced to any period of incarceration she would be required, upon release from prison, to serve a period of supervised release. *See* Rule 11(b)(1)(H).

The defendant was informed, and she expressly acknowledged, that the court's determination of her sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and the need to provide restitution. She

---

[1] Defendant was also informed that she could be sentenced to less than the mandatory years imprisonment only if the government makes a motion pursuant to Title 18, United States Code, Section 3553(e), or if she qualifies for the "safety valve" set forth in 18 U.S.C. § 3553(f).

acknowledged that she understood that the court may order her to make full restitution to any victim and may require her to forfeit certain property to the government. *See* Rule 11(b)(1)(J)–(K). She also stated that he knew that she would be required to pay the mandatory One Hundred Dollar ($100.00) special assessment. *See* Rule 11(b)(1)(L).

The defendant testified that she and her attorney had talked about how the Sentencing Commission Guidelines might apply to her case, including the obligation of the court to consider these Guidelines and the court's discretion to depart from them under certain circumstances and in accordance with applicable court decisions. *See* Rule 11(b)(1)(M); *United States v. Booker*, 543 U.S. 220 (2005); *United States v. Moreland*, 437 F.3d 424 (4th Cir. 2006). In addition, she acknowledged that she understood the court would not be able to determine the recommended guideline sentence for her case until after the presentence report had been completed and she and the government each had an opportunity to challenge the facts reported by the probation officer. She acknowledged that she understood, irrespective of any sentence imposed by the court, she would have no right to withdraw her plea of guilty. She was informed and acknowledged that parole had been abolished and that she would not be released on parole.

Each of defendant's procedural rights surrendered on a plea of guilty was also explained: including: her right to persist in her previous pleas of not guilty to the offenses charged against her *(See* Rule 11(b)(1)B)); her attendant rights to a trial by jury *(See* Rule 11(b)(1)(C)) and right to be represented and to have the assistance of counsel at trial and at every other stage of the proceeding *(See* Rule 11(b)(1)(D)); her right at trial to see, to hear, to confront and to have cross-examined all

6

adverse witnesses (*See* Rule 11(b)(1)(E)); her right to be protected from compelled self-incrimination; her right to testify and to present evidence in her defense; her right to the issuance of subpoenas, or compulsory process, to compel the attendance of witnesses to testify in her defense (*See* Rule 11(b)(1)(E)); her presumption of innocence; the obligation of the Government to prove her guilt beyond a reasonable doubt; the right on her part to decline to testify unless she voluntarily elected to do so in her own defense; and her right to have a unanimous guilty verdict. The defendant testified that she understood her right to persist in his pleas of not guilty and the attendant rights that he would waive upon entry of a guilty plea to Count Fifteen of the Indictment. *See* Rule 11(b)(1)(F).

Without equivocation, the defendant stated that she was pleading guilty because she was in fact guilty of the crime charged Count Fifteen of the Indictment.

In response to further questioning to ensure that her proposed plea was voluntary, the defendant again stated that (other than the promises expressly set forth in the written plea agreement) her plea did not result from any force, threats, or promises of any kind (*See* Rule 11(b)(2), that her decision to plead guilty was in fact fully voluntary on her part, and that it was being made with the advice and assistance of counsel.

To permit the court to determine that an independent factual basis existed for the plea, counsel for the government submitted for filing the "Government's Summary of the Evidence" and represented that a copy had been provided previously to defense counsel. A copy of same is attached hereto and incorporated herein by reference. After counsel for the government made several additional oral

representations regarding the factual basis for the defendant's pleas, counsel for the defendant stated that the written proffer had been fully discussed with his client, he confirmed that the government's proffer accurately summarized the evidence upon which the government would rely at trial. The defendant confirmed that she had reviewed the written proffer, and she similarly confirmed that the government's proffer accurately summarized the government's case against her.

After consultation with her attorney, the defendant waived a reading of the Indictment and entered a plea of GUILTY to Count Fifteen alleging her violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B. The defendant then executed the requisite written form, and it was filed and made a part of the record.

After entering her plea as aforesaid, after an independent basis for the plea was established and after being informed that the undersigned would recommend acceptance of her aforesaid plea, the defendant reiterated her satisfaction with the advice, assistance and services of her attorney.

Pursuant to order of referral, the appropriate probation office was directed to initiate a presentence investigation and preparation of a presentence report. The defendant was then continued on her previous Appearance and Compliance Bond pending completion of the presentence report.

## B.   GOVERNMENT'S EVIDENCE

By way of it's evidentiary proffer, counsel for the government submitted a written summary of the evidence upon which it intended to relay at trial. After ascertaining that the summary had been

previously proved to defense counsel and that the defendant was fully familiar with its contents, it was received for filing without objection. It is hereby incorporated by reference and attached as an exhibit. Counsel for the government directed the court particularly to those paragraphs of the written summary which deal specifically with the defendant's relevant conduct. In addition, counsel for the government represented that the content and drug weight of all controlled substances obtained during the investigation leading to the arrest and indictment of the named defendants and co-conspirators had been confirmed by laboratory analysis. In addition the relevant incidents and events were represented to have taken place in the Western District of Virginia.

## C.   FINDINGS OF FACT

Based on the evidence, representations of counsel, and defendant's sworn testimony presented as part of the Rule 11 hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;

2. The defendant is fully aware of the nature of the charges against her and the consequences of her plea of guilty to Count Fifteen;

3. The defendant is fully informed, and she understands, the enumerated items set forth in Rule 11(b)(1)(A)–(N);

4. Before entering her plea, the defendant and the government reached a plea agreement which was reduced to writing;

5. The defendant's entry into the written plea agreement and her tender of a plea of guilty to Count Fifteen was made with the advice and assistance of counsel;

6. The defendant's entry of a plea of guilty to Count Fifteen was made with full knowledge and understanding of the nature of the offense and the full range of punishments which might be imposed;

7.   The defendant's pleas of guilty are fully voluntary and did not result from any force, threats, or promises other than the one promise contained in the plea agreement;

8.   The plea agreement complies with the requirements of Rule 11(c)(1); and

9.   The evidence presents an independent factual basis containing each essential element of the offense to which the defendant is pleading guilty.

## D.   RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept defendant's plea of guilty to Count Fifteen of the Indictment, that the defendant be ADJUDGED GUILTY of the offense, that the government's motion to dismiss Count One as to this defendant be granted, and that a sentencing hearing be scheduled before the presiding district judge on June 15, 2007 at 11:00 a.m.

## E.   NOTICE TO PARTIES

Notice is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(C).  Within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made.  The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned.  The presiding District Judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within ten (10) days could waive appellate review. At the conclusion of the ten-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The clerk is directed to transmit copy of this Report and Recommendation to all counsel of record.

DATED: 8th day of March 2007.

_____

United States Magistrate Judge